Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| WILSON PADILLA MORALES Y OTROS<br><br>Parte Peticionaria<br><br>v.<br><br>THE HUMANE SOCIETY OF PUERTO RICO, INC. T/C/C SOCIEDAD PROTECTORA DE ANIMALES, T/C/C ALBERGUE DE ANIMALES DE GUAYNABO, T/C/C REFUGIO DE ANIMALES DE GUAYNABO, Y OTROS<br><br>Parte Recurrida | TA2025CE00471 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2018CV03961<br><br>Sala: 501<br><br>Sobre:<br>Daños y Perjuicio |

Panel integrado por su presidente, el Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 26 de septiembre de 2025.

Comparecen ante *nos*, Wilson Padilla Morales y Waleska Martínez Centeno (en conjunto, los peticionarios) y nos solicitan que revisemos una *Orden* emitida y notificada el 31 de julio de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Bayamón. Mediante dicho dictamen, el foro primario declaró *No Ha Lugar* la *Moción Solicitando Descubrir lo Solicitado y Que Se De Por Admitido los Requerimientos de Admisiones Dirigidos al Sr. Christian Serrano*.

Por los fundamentos que exponemos a continuación, se *deniega* el auto de *certiorari*.

**I.**

Surge del expediente ante *nos* que, el 4 de noviembre de 2018, la parte peticionaria incoó una *Demanda* sobre daños y perjuicios en contra de The Humane Society of Puerto Rico, Inc. (Humane Society), Christian Serrano (Serrano) y otros (en conjunto, los recurridos). En la *Demanda*, la parte apelante alegó que fue sometido de forma torticera a un procedimiento criminal y se le acusó incorrectamente de abandono por entregar un perro al albergue de animales Humane Society. El 8 de marzo de 2019, Humane Society y Serrano presentaron una *Contestación a Demanda*.

Luego de varios trámites procesales, innecesarios pormenorizar, el 28 de junio de 2024, la parte peticionaria le notificó a la parte recurrida un Requerimiento de Admisiones. Posteriormente, el 12 de julio de 2024, la parte recurrida presentó una *Moción Solicitando Orden Protectora*. Allí, la parte recurrida sostuvo que el Requerimiento de Admisiones consta de 236 requerimientos, el cual es altamente oneroso y conlleva un gasto excesivo de los recursos de las partes concernidas, lo que resulta en prueba irrazonablemente acumulativa y duplicativa en clara contravención a la economía procesal. Por su parte, el 23 de agosto de 2024, la parte peticionaria presentó una *Moción en Oposición a Moción Solicitando Orden Protectora*.

El 26 de agosto de 2024, la parte recurrida presentó una *Réplica a Moción en Oposición a Moción Solicitando Orden Protectora*. Así las cosas, el 31 de enero de 2025, la parte peticionaria presentó una *Moción Reiterando Admisión de Requerimiento de Admisión*. Ese mismo día, el foro primario emitió una *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de la parte peticionaria. Asimismo, el TPI limitó el Requerimiento de Admisiones a 50 solicitudes. Subsiguientemente, el 10 de febrero de 2025, la parte peticionaria

le notificó a la parte recurrida un Requerimiento de Admisiones Enmendado.

Así, el 11 de marzo de 2025, la parte recurrida notificó su Contestación al Requerimiento de Admisiones Enmendado. El 9 de abril de 2025, se llevó a cabo una Vista sobre el Estado de los Procedimientos. En esta, se le concedió a la parte peticionaria un término de veinticinco (25) días para presentar las objeciones a las contestaciones al interrogatorio, ya que la parte recurrida había objetado las contestaciones indicando que no tenía los anejos a los que se hace referencia en el Requerimiento de Admisiones Enmendado. Entretanto, el 9 de mayo de 2025, la parte peticionaria le envió a cada una de las recurridas las respectivas Objeciones a las Contestaciones del Requerimiento de Admisiones.

El 29 de mayo de 2025, las partes recurridas presentaron sus respectivas Réplicas a las Objeciones a las Contestaciones del Requerimiento de Admisiones. Trabada la controversia con relación a las Contestaciones del Requerimiento de Admisiones, el 15 de julio de 2025, las parte peticionaria presentó una *Moción Solicitando a Descubrir lo Solicitado y Que se Dé por Admitido los Requerimientos de Admisiones dirigidos al Sr. Christian Serrano*, una *Moción Solicitando a Descubrir lo Solicitado y Que se Dé por Admitido los Requerimientos de Admisiones dirigidos a The Humane Society of Puerto Rico* y una *Moción Solicitando a Descubrir lo Solicitado y Que se Dé por Admitido los Requerimientos de Admisiones dirigidos a la Sra. Leisha Swayn*.

El 31 de julio de 2025, el foro primario emitió tres (3) *Órdenes* mediante la cual declaró *No Ha Lugar* cada uno de los escritos presentados. Específicamente, en la *Orden* recurrida que responde a los Requerimientos de Admisiones de Christian Serrano el TPI dispuso:

> No ha lugar. Luego de la lectura y análisis de la moción, sus argumentos y anejo y, el tribunal entiende que el requerimiento de admisiones fue contestado por la parte demandada, en este caso el Sr. Christian Serrano.
>
> En cuanto a las contestaciones objetadas a los requerimientos de admisiones # 1, 7,8,13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30,31, 33. La parte demandante está tratando de impugnar el testimonio del Sr. Serrano con lo que dijo en alguna página de su deposición o vista mediante el requerimiento de admisiones sin la totalidad de la misma y sin oportunidad al careo. Dicho procedimiento se efectúa durante el juicio ante el juez que lo preside y este es quien le dará la credibilidad que le merezca.
>
> En cuanto al requerimiento de admisiones #5: No hay controversia en que el Sr. Wilson Padilla Morales junto a su esposa visitaron las facilidades del Albergue de Animales en Guaynabo el 4 de noviembre de 2017.
>
> En cuanto al requerimiento de admisiones #32. El tribunal no entiende lo que se refiere por "relación". Sin embargo, no se va a permitir enmendar este requerimiento de admisiones para enviar otro. La parte demandante alega que el perro que fue llevado al albergue no le pertenecía porque fue encontrado en la carretera. Si dicho hecho está o no en controversia en esta etapa, será el tribunal quien adjudique credibilidad.
>
> Los requerimientos de admisiones #35, 36, 37, 38, 46 fueron contestados. En cuanto a los requerimientos de admisiones # 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50 la parte demandante está tratando de autenticar evidencia mediante el requerimiento de admisiones. Sin embargo, esto es competencia del tribunal quien hará la determinación luego de conocer si cumple con las Reglas de Evidencia y será asunto a discutirse en la Conferencia con Antelación al Juicio.

Entretanto, el 15 de agosto de 2025, la parte peticionaria presentó una *Moción de Reconsideración.* En consecuencia, el 18 de agosto de 2025, el foro primario emitió una *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración. Insatisfecho, el 17 de septiembre de 2025, la parte peticionaria compareció ante *nos* mediante una *Petición de Certiorari* y alegó la comisión del siguiente error:

**Erró el Honorable Tribunal al concluir que el mecanismo de los Requerimientos de Admisiones no tiene como fin autenticar evidencia, en abierta contravención a uno de los propósitos de la Regla 33 de Procedimiento Civil.**

El 18 de septiembre de 2025, emitimos una *Resolución* mediante la cual le concedimos diez (10) días a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. Ulteriormente, el 22 de septiembre de 2025, la parte peticionaria presentó una *Moción en*

*Auxilio de Jurisdicción.* El 23 de septiembre de 2025, la parte recurrida presentó una *Oposición a Petición de Certiorari.* Además, presentó una *Oposición a Moción en Auxilio de Jurisdicción.* Ese mismo día, la parte peticionaria presentó una *Breve Réplica a Oposición a Moción en Auxilio de Jurisdicción.* Al día siguiente, el 24 de septiembre de 2025, emitimos una *Resolución* mediante la cual, entre otras cosas, ordenamos la paralización de los procedimientos ante el TPI. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *800 Ponce de León v. AIG,* 205 DPR 163 (2020); *Pueblo v. Díaz de León,* 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los

tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

**III.**

Habida cuenta de que el recurso ante nuestra consideración se trata de un *certiorari*, este tribunal intermedio debe determinar, como cuestión de umbral, si procede su expedición. En el caso ante *nos*, es la contención de la parte peticionaria que, erró el TPI al

concluir que el mecanismo de los Requerimientos de Admisiones no tiene como fin autenticar evidencia, en abierta contravención a uno de los propósitos de la Regla 33 de Procedimiento Civil.

**al concluir que el mecanismo de los Requerimientos de Admisiones no tiene como fin autenticar evidencia, en abierta contravención a uno de los propósitos de la Regla 33 de Procedimiento Civil.**

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* No debemos obviar que, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra.*

Así, puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al., supra.* A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

Tras evaluar cuidadosamente el recurso presentado por la parte peticionaria, y luego de una revisión puntillosa de la totalidad del expediente ante *nos*, es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Así, los fundamentos aducidos en el recurso presentado, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra

intervención revisora. Tampoco la parte peticionaria nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

Por lo tanto, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones